BARGE No. 6.[1]

BIRCHALL v. BARGE No. 6.

(*District Court, S. D. New York.* April 22, 1886.)

WHARFAGE—HELL GATE—TOW IN SECTIONS—NEW YORK STATE STATUTE—
    LAWS OF 1882, CH. 410, § 798—"USES OR MAKES FAST TO WHARF"—LIABIL-
    ITY OF BOTH TUG AND TOW—DEMAND—DOUBLE RATES.
        A law of New York, passed in 1882, (chapter 410, § 798,) provides that
    wharfage may be collected "from every vessel that uses or makes fast to any
    pier, wharf, or bulk-head," within the city of New York. In 1883 libelant
    gave general notice that wharfage would be required.   Afterwards, a tug hav-
    ing agreed to tow barge No. 6 for a lump sum, and having taken her with many
    others in tow, left her with others at libelant's wharf, between One Hundred
    and Thirty-ninth and One Hundred and Fortieth streets, East river, and the
    libelant claims wharfage.   The barge-owner claimed that the tug-boat should
    pay the wharfage, since it was for the latter's convenience that the barge was
    left at the bulk-head.   It has long been the practice for tugs taking large tows
    through Hell Gate to divide them into sections, and, taking one section at a
    time through the Gate, to leave the rest at the libelant's wharf till they are
    successively taken through.   *He'd* that, under such circumstances, the tug
    "uses" the wharf, in the sense of the statute, and is liable; but that the barge
    is "made fast" to it; and that wharfage may therefore be collected of either.
    Demand not being clearly proved, only single wharfage can be collected.[2]

In Admiralty.

*T. C. & G. N. Campbell,* for libelant.

*Biddle & Ward,* for respondent.

BROWN, J.   The libelant has been for many years owner and pro-
prietor of the bulk-head between One Hundred and Thirty-ninth and
One Hundred and Fortieth streets, on the East river.   This libel is
filed to establish his right to collect wharfage from barges and canal-
boats that are left at his wharf, and made fast there by tugs, prepar-
atory to towing them through Hell Gate.   It is not deemed prudent
for tugs to attempt to take more than three or four boats at a time
through Hell Gate; but as many more than four are often taken in
tow from the lower part of the city bound east into the Sound, it is
necessary in such cases to take the fleet through Hell Gate by sec-
tions; and tugs have, for a long time, been in the habit of leaving a
part of the fleet at Birchall's wharf, while they are taking the rest of
the fleet by sections through Hell Gate.   By the state statute of
July 1, 1882, relating to the city of New York, (chapter 410, § 798,)
it is provided that "it shall be lawful to charge and receive wharfage
at the following rates from every vessel that uses or makes fast to any
pier, wharf, or bulk-head within said city," etc., "for every barge,
50 cents per day;   *   *   *   every vessel to be liable for double

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

[2] Respecting wharfage see note of Orlando F. Bump to The De Smet, 10 Fed. Rep. 489,
and Ouachita & Mississippi River Packet Co. v. Aiken, 16 Fed. Rep. 890, and note, 894–
396.

wharfage if she leaves without first paying the wharfage due, after being demanded of the owner or consignee or person in charge of the vessel."

Prior to the passage of the above statute no claim for wharfage had ever been made by the libelant. In 1883 the libelant gave notice that thereafter he should demand and claim the wharfage allowed by the above statute. There is no doubt that he is entitled to wharfage either from the tug, or from the boats that are fastened to the wharf. As between the tug and the tow each claims that the other shall pay it. The boats in tow have no control of their own navigation. The person in charge of each has nothing to do in determining how many shall be taken in tow, or whether they shall be divided up in going through Hell Gate; or, if divided, where any shall be left, or how secured, or how long they shall remain, or when they shall be taken away. The whole business of making up the tow, the numbers taken, and the mode of going through Hell Gate, is solely in charge of the tug, and the tow is legally in the charge and possession of the tug. In the usual course of business each boat is taken at a fixed sum for the trip. Part of the boats may be left at the wharf until the others have gone through, while others may go through directly; and in respect to the latter no claim for wharfage can accrue. When towage is engaged no reference is made to any wharfage, and it is not known whether any claim for wharfage in respect to any particular boat will arise. The use of the wharf is for the convenience of the tug, and to enable her to take a larger fleet along with her on each side of Hell Gate than she can take through that passage. The tug having the tow in charge, and being answerable for its safety, when she leaves a part of the tow at a wharf for her convenience, in my opinion, "makes use" of the wharf in the sense of the statute. It is by the voluntary act of the tug, and not by any voluntary act of the tow, that the tow is made fast to the wharf. On the other hand, it is equally clear that the tow is "made fast" to the wharf, and has the use of it for the time being. The statute declares that every vessel that either "uses or makes fast" shall be liable to pay wharfage. The wharfinger, therefore, has a right under the statute to look either to the tug or to the tow for his statutory compensation. He is not bound to look to the tug alone. From the circumstances stated, it would seem that the tug is bound to indemnify the owner of the tow for the charges to which the tug, for her own convenience, has subjected a portion of the boats; but as the representatives of the tug are not before me, this question is not passed upon.

There is some doubt whether the explicit demand of wharfage was made in this instance from the person in charge of barge No. 6. The bills proved have the names of the towing lines upon them, and the proof leaves the question of demand doubtful. Judgment is therefore ordered for the libelant for the wharfage claimed at single rates only, with costs.